UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

ALBERT F. WEST,

        Petitioner,

        v.                                Case No. 10-C-0157

JEFFREY PUGH,

        Respondent.

ORDER SCREENING PETITION FOR WRIT OF HABEAS CORPUS,
REQUIRING RESPONDENT TO ANSWER OR OTHERWISE RESPOND TO THE
PETITION, AND GRANTING PETITIONER'S REQUEST TO PROCEED INFORMA
PAUPERIS (DOC. # 2)

On February 25, 2010, the petitioner, Albert West, filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. West submits that he was convicted in Fond du Lac County Circuit Court of sexual assault of a child under sixteen years of age, and was sentenced to three years confinement followed by six years of supervision. He is incarcerated at Stanley Correctional Institution.

Initially, the court must consider the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Generally, the court reviews whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

In his petition, West presents one ground for relief: that his right to a speedy trial was violated. He contends that "it took the court 14 months to bring me to trial. During the 14-months [sic] delay . . . my key witness die[d]." (Pet. 5.) Denial of the right to a speedy trial may violate the U.S. Constitution under certain circumstances. *See Barker v. Wingo*, 407 U.S. 514 (1972) (noting that "the right to a speedy trial is 'fundamental' and is imposed by the Due Process Clause of the Fourteenth Amendment on the States" (citing *Kloper v. North Carolina*, 386 U.S. 213 (1967)).

An application for writ of habeas corpus from a person in state custody shall not be granted unless it appears that (a) the applicant has exhausted state remedies, or (b) there is no available state corrective process or circumstances exist that render such process ineffective to protect the applicant's rights. 28 U.S.C. § 2254(b)(1). To exhaust a claim, the petitioner must provide the state courts with a full and fair opportunity to review his claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A claim is not considered exhausted if the petitioner "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). This requires the petitioner to appeal adverse state court decisions all the way to the state supreme court when doing so is part of the ordinary appellate review procedure in that state. *O'Sullivan*, 526 U.S. at 847.

In his petition, West contends that he raised the issue of his speedy trial rights on direct appeal to the Wisconsin Court of Appeals, which affirmed the conviction. (Pet. 3.) According to the petition, the Wisconsin Supreme Court denied West's petition for review. Thus, the court cannot conclude from the petition that West has failed to exhaust his state remedies.

2

In addition, West filed a request to proceed in forma pauperis. Under Rule 3 of the Rules Governing § 2254 Cases, the petitioner is required to file an affidavit of indigence as required by § 1915. He has done so, and the court is satisfied that he lacks sufficient funds to proceed here. Therefore,

IT IS ORDERED that within sixty (60) days of the date of this order, respondent must answer or otherwise respond to the petition, complying with the Rules Governing § 2254 Cases.

IT IS FURTHER ORDERED that the petitioner's request for leave to proceed in forma pauperis (Doc. # 2) is granted.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, copies of the petition and this order will be mailed to respondent and to the Attorney General for the State of Wisconsin, c/o Gregory M. Weber, Assistant Attorney General, P.O. Box 7857, Madison, WI 53707.

This district's form regarding magistrate judge jurisdiction should be included with a copy of this order and returned by the respondent as directed on that form.

The petitioner is advised that he must send copies of all future filings with the court to counsel for respondent. Until respondent files his or her answer, these copies should be sent to Gregory Weber at the address above.

Dated at Milwaukee, Wisconsin, this 16th day of April, 2010.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
CHIEF U. S. DISTRICT JUDGE